FILED

JUL 30 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Robert C. Wessel, individually and as a beneficiary of the
Employees' Retirement Plan of Harris Trust and Savings Bank and
Affiliated Companies

Plaintiff,

v.

BMO Bank N.A. and BMO Financial Corporation Benefits
Administration Committee,

Defendants.

Case No.:

**COMPLAINT AND
JURY DEMAND**

1:26-cv-09071
Judge Sharon Johnson Coleman
Magistrate Judge Keri L. Holleb Hotaling
RANDOM/ CAT. 3

## I. INTRODUCTION

1. This is an action brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to redress the wrongful denial of pension benefits, procedural deficiencies, failure to maintain and produce plan documents and records, failure to maintain and produce employment records, concealment of governing plan documents and records and employment records, and violations of statutory fiduciary duties committed by the Defendants under the Employees' Retirement Plan of Harris Trust and Savings Bank and Affiliated Companies (the "Plan").

2. Plaintiff, Robert C. Wessel, a beneficiary under the Plan, brings this action to recover wrongfully denied pension benefits under 29 U.S.C. § 1132(a)(1)(B), and to remedy

1

concurrent breaches of fiduciary duty and statutory disclosure failures under 29 U.S.C. § 1132(a)(2), (a)(3), and (c).

3. All attachments to this Complaint are hereby incorporated herein and made a part hereof.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 1132(e)(1) (ERISA jurisdictional provision).

5. Venue is proper in the Eastern Division of the Northern District of Illinois pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiff resides in LaGrange, Illinois, which is within the Eastern District, the Plan is administered in the Eastern District, BMO Bank, N.A. conducts extensive financial business operations within the Eastern District, and the breaches, failures and procedural violations occurred in the Eastern District.

## III. PARTIES

6. Plaintiff, Robert C. Wessel, resides in LaGrange, Illinois 60525, and is a beneficiary within the meaning of 29 U.S.C. § 1002(8), and is entitled to pension benefits under the Plan.

7. Defendant BMO Bank, N.A. (the "Bank") is a national bank doing business in Illinois. The Bank maintains its headquarters at 320 S. Canal Street, Chicago, IL 60606. The Bank is the successor to Harris Trust and Savings Bank and is the sponsor and plan administrator of the Plan.

8. Defendant BMO Financial Corporation Benefits Administration Committee (the "Committee) administers the Plan on behalf of the Bank and is a fiduciary of the Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1002(21)(A). The Committee is located at 320 S. Canal Street, Chicago, IL 60606.

## IV. THE PENSION PLAN

9. The Plan is an employee pension benefit plan within the meaning of 29 U.S.C. § 1002(2) and is subject to the provisions of ERISA.

## V. FACTUAL ALLEGATIONS

10. Plaintiff, Robert C. Wessel, is a beneficiary entitled to receive pension benefits under the Plan following the death of his wife, Carol A. Wessel (formerly Carol A. Weaver), on December 27, 2023. Carol A. Wessel (formerly Carol A. Weaver) was a participant in the Plan (the "Participant").

11. The Participant was continuously employed by Harris Trust and Savings Bank ("HTSB") as a secretary from 1970 to 1981. The Participant's maiden name, and the name under which she was employed at HTSB, was Carol A. Weaver. The Participant was 17 years of age when she began her employment at HTSB.

12. HTSB merged with and into the BMO Bank N.A. with Defendant BMO Bank N.A. becoming the corporate successor in interest, plan sponsor of the Plan, and custodian of all predecessor employment, payroll, pension and retirement records and documents.

13. On April 10, 2024, Plaintiff submitted a written request (Attachment A) to the Bank requesting the Participant's employment, pension and retirement history and records. The Bank did not respond to Plaintiff's request. On May 29, 2024, Plaintiff submitted a follow up request

3

to the Bank requesting the Participant's employment, pension and retirement history and records. (See Attachment B).

14. On June 24, 2024 Plaintiff received a letter (Attachment C) from BMO Financial Group stating that "After an extensive review of our records, we have been unable to locate any employee or pension plan participant with the name of Carol A. Wessell (sic) (formerly Weaver), in our records." That letter stated that her SSN number and date of birth would be needed to search their records again.

15. On October 1, 2024, Plaintiff submitted a letter (Attachment D) to the Bank providing the Participant's social security number and date of birth. In that letter, Plaintiff informed the Bank that his wife was employed by the Bank for more than ten years and that during her entire employment with the Bank her name was Carol A. Weaver and not Carol A. Wessel. Plaintiff requested that the Bank search all of its records using the names Carol A. Weaver and Carol Weaver.

16. On October 23, 2024, Plaintiff received an email from the Bank (Attachment E) stating that "We have searched all pension and employment records that we maintain using the additional information you provided but have been unable to find any records related to your wife's employment with Harris Bank."

17. Subsequently, Plaintiff submitted a request to the United States Social Security Administration requesting records for Carol A. Wessel.

4

18. On July 22, 2025 Plaintiff received records from the Social Security Administration (the "SSA Records") (Attachment F) proving that Carol Wessel was employed by Harris Trust and Savings Bank from 1970 through 1981.

19. On August 1, 2025, Plaintiff submitted a letter to the Bank (Attachment G) informing the Bank that (a) his wife was continuously employed by HTSB from 1970 to 1981; (b) enclosing a copy of the SSA Records; (c) requesting that the Bank again search all of its records using the names Carol A. Weaver, Carol Weaver, Carol A. Wessell and Carol Wessel; (d) stating that Plaintiff is entitled to benefits under the Plan; and (e) requesting the amount and type of benefits to which Plaintiff is entitled.

20. On August 5, 2025, the Bank acknowledged receipt of Plaintiff's August 1, 2025 letter (Attachment H)

21. On August 8, 2025, the Bank sent a letter to Plaintiff (Attachment I) stating that his August 1, 2025 letter constitutes a claim for benefits pursuant to the Plan's administrative claim and appeal process and that Plaintiff should expect a written decision within 90 days of August 1, 2025, but that date could be extended.

22. On August 12, 2025, Plaintiff submitted a written request to the Bank (Attachment J) asking for all of the Plan documents that were in effect during the period 1970 through 1981.

23. On August 19, 2025 the Bank mailed to the Plaintiff a letter (Attachment K) enclosing a copy of "The Emloyees (sic) Retirement Plan conformed through eight amendment (sic) effective January 2,1974; and The current Plan document; and The current Summary Plan Description."

24. On December 19, 2025, Plaintiff received a letter from the Bank (Attachment L) denying his claim for benefits.

5

25. On January, 28, 2026, Plaintiff submitted a letter to the Bank (Attachment M) stating that he disagrees with the denial of his claim and requesting that the Bank send to him all information, records and documents relating to his claim, all information, records and documents relating to the denial of his claim and a copy of the HTSB retirement plan, all amendments and the summary plan description that were in effect from 1970 to January 1, 1974.

26. On April 9, 2026 the Bank sent a letter to Plaintiff (Attachment N) stating that (a) the Bank does not have the plan documents in effect from1970 to January 1, 1974, and (b) the Bank does not have any employment and pension records related to Carol Weaver/Wessel. In the letter the Bank informed the Plaintiff that the Bank requires an extension of time to respond to Plaintiff's appeal of his claim denial.

27. On May 15, 2026 the Bank sent a letter to Plaintiff (Attachment O) denying his claim claiming that, (a) based on the SSA Records provided by Plaintiff, it is "highly likely" that the Participant was a part-time employee and not eligible to participate in the Plan because part-time employees were not eligible to participate in the Plan, and (b) claiming that if the Participant had been a full-time employee and entitled to a benefit under the Plan she would have received a lump sum distribution because the amount of her benefit would have been below a cash out threshold amount.

28. The Defendants have produced no employment records contradicting the SSA Records.

29. The Defendants have produced no employment records establishing that the Participant was a part-time employee.

30. The Defendants have provided no proof of any payment of a lump sum distribution from the Plan to the Participant.

6

31. To the best of Plaintiff's belief, the Participant did not receive a lump sum distribution from the Plan.

## VI. VIOLATIONS OF LAW AND BREACHES OF FIDUCIARY DUTIES

32. Under 29 U.S.C. § 1059 Defendants have an absolute, non-delegable statutory duty to maintain complete, accurate, and permanent records of the Participant's employment history, job title, hours of service, vesting credit, accrued benefits under the Plan, and records showing any and all payments made by the Plan to the Participant.

33. Defendants failed to produce any of Participant's employment, pension and retirement records and any Plan documents that were in effect from 1970 through January 1, 1974, and have admitted that they "have been unable to locate any employee or plan participant with the name of Carol A. Wessel (formerly Weaver), in our records."

34. In response to Defendants claimed lack of any internal documentation regarding the Participant's employment at the Bank and Plan participation, Plaintiff obtained official Social Security Administration records for the period 1970 through 1981 regarding the employment of the Participant. The SSA Records definitively prove that Carol A. Wessel (nee Weaver) was employed continuously by the Bank from 1970 through 1981.

35. The Plan explicitly defines an eligible employee as an individual who was an "Eligible Employee" on December 31, 1975, will continue as an Eligible Employee on and after January 1, 1976. Each other individual shall become an Eligible Employee on the date he meets all of the following requirements: (a) He is either a citizen or resident of the United States of America; (b) His duties ordinarily require him to render personal services to an Employer; (c) He receives a salary computed on an annual, monthly, or semi-monthly basis. The Participant met all the

7

requirements of this definition and was an Eligible Employee under the Plan. The Participant accumulated the necessary hours of service and vesting credits that entitle Plaintiff to pension benefits under the Plan.

36. Even after Plaintiff provided the SSA Records to the Defendants, the Defendants refused to determine that Carol A. Wessel (nee Weaver) was an Eligible Employee and was a Participant in the Plan. Instead, the Defendants claimed that she was a part-time employee apparently based solely on her earnings as reflected in the SSA Records and claimed that "As a part-time employee, she did not meet the Plan's requirement to render services "on a substantially full-time basis and who received a salary …. (1974 Plan Section 2.1)". Section 2.1 of the Plan defines an Eligible Employee and does not state or require that an employee render services "on a substantially full-time basis" in order to be an Eligible Employee. The Plan and Section 2.1 of the Plan are silent on whether an employee is part-time or full-time. The Defendants have produced no records or documents to substantiate their claim that a part-time employee is not an Eligible Employee under the Plan. The definition of Eligible Employee does not exclude a part-time employee and the Plan does not exclude a part-time employee from participating in the Plan. The Defendants have admitted that they possess no records or documents that establish that the Participant was a part-time employee. The Defendants' adverse interpretation is completely arbitrary and capricious.

37. The SSA Records establish that the Participant's employment at HTSB was on a full-time basis based on the minimum wage rate applicable at the time.

38. Defendants claim that even if the Participant had been a full-time employee she would have received a lump sum distribution from the Plan because the value of her accrued benefit under the Plan would have been below a cash out threshold amount specified in the Plan. Defendants

have produced no proof of any payment of a lump sum distribution made by the Plan to the Participant.

39. The Defendants have failed to produce the plan document that was in effect prior to January 2, 1974, and has admitted that Defendants possess no records of the retirement plan that was in effect prior to January 2, 1974. By failing to produce this plan document and Participant's employment and pension records and documents, Defendants have stripped the administrative record of the very documents they claim exclude Participant as a Plan participant, impeding Plaintiff's statutory right to a "full and fair review" under 29 U.S.C. § 1133.

40. Plaintiff has completely exhausted all administrative remedies through the final denial letter dated May 15, 2026, making this action ripe for federal review.

## VII. CAUSES OF ACTION

COUNT I: Wrongful Denial of Pension Benefits Under Plan Terms

(29 U.S.C. § 1132(a)(1)(B))

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42. Under the terms of the Plan, Carol A. Wessel was a Participant in the Plan during the period 1970 to 1981and Plaintiff is a beneficiary fully entitled to benefits under the Plan.

43. As a direct result of this wrongful denial, Plaintiff has been denied pension benefits owed to him under the Plan and ERISA.

COUNT II: Breach of Fiduciary Duty and Statutory Disclosure Failures (29 U.S.C. §§ 1104, 1109, 1024(b)(4), and 1132(a)(2), (a)(3), or (c))

9

44. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

45. Defendants owed Plaintiff the highest statutory duties of loyalty, care and prudence, which included the absolute obligation to maintain accurate and complete employment and pension and retirement records relating to the Participant under 29 U.S.C. § 1059 and promptly furnish governing plan instruments upon request under 29 U.S.C. § 1024(b)(4).

46. Defendants breached their fiduciary duties and statutory mandates under ERISA by:

* Failing to maintain and retain permanent employment and pension and retirement documents and records relating to the Participant;

* Failing to produce any plan documents in effect prior to January 2, 1974;

* Interpreting the Plan in an arbitrary and capricious manner resulting in a denial of Plaintiff's benefits.

47. As a direct result of these fiduciary breaches and intentional non-disclosures, Plaintiff has suffered severe financial injury and has been denied an open, lawful administrative process.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Robert C. Wessel, respectfully requests that this Court enter judgment against Defendants, granting the following relief:

A. Declare that Defendants wrongfully denied Plaintiff's pension benefits under the Employees' Retirement Plan of Harris Trust and Savings Bank and Affiliated Companies and order the immediate payment of all past-due amounts, plus pre- and post-judgment interest;

B. Find that Defendants breached their fiduciary duties and order them to make good to the Plaintiff on losses resulting from those breaches;

C. Award Plaintiff statutory penalties under 29 U.S.C. § 1132(c) for Defendants failure and refusal to furnish the requested plan documents and the underlying plan documents in effect prior to January 2, 1974, calculated at the maximum regulatory rate per day from the date of default;

D. Order the Defendants to produce all the employment, pension and retirement documents and records requested by the Plaintiff.

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

F. Grant such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 30, 2026

Respectfully submitted,

**Robert C. Wessel**

Plaintiff, Pro Se

223 S. Peck Avenue

LaGrange, IL 60525

630 258-2230 / Rob@ameritech.net

*ATT A*

April 10, 2024

Mr. Darrell Hackett
  President and CEO
BMO Bank, N.A.
111 W. Monroe Street
Chicago, Illinois 60603

Dear Mr. Hackett,

My wife, Carol A. Wessel, née Weaver, was a former employee of Harris Bank from approximately 1971 to 1981. Carol passed away on December 27, 2023.

I am gathering information for a family history and would like to know her dates of employment and job title. Also, I would appreciate knowing her participation status as it pertains to any possible pension benefits.

I previously contacted HR but they never followed up.

I appreciate any assistance you can provide in this matter.

Sincerely,

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525
630 258-2230

*ATT B*

May 29, 2024

Mr. Darrell Hackett          2nd Request

  President and CEO

BMO Bank, N.A.

111 W. Monroe Street

Chicago, Illinois 60603

In re Carol A. Weaver

Dear Mr. Hackett,

I previously wrote to you in a letter dated April 10, 2024.

My wife, Carol A. Wessel, née Weaver, was a former employee of Harris Bank from approximately 1971 to 1981. Carol passed away on December 27, 2023.

I am gathering information for a family history and would like to know Carol's dates of employment and job title. Also, I would appreciate knowing Carol's participation status as it pertains to any possible pension benefits.

I previously contacted your HR department but they never followed up.

I appreciate any assistance you can provide in this matter.

Sincerely,

Robert Wessel

223 S. Peck Avenue

La Grange, Illinois 60525

630 258-2230

*ATT C*

 **BMO** Financial Group

Statement Date: June 21, 2024

 **myRetirement & Savings**
www.myhr.bmogc.com

Robert Wessel
223 S. Peck Avenue
La Grange IL 60525

# Employment and Pension Inquiry - Carol A Wessel

Thank you for contacting the Human Resources Centre about eligibility for a pension benefit from the Employees' Retirement Plan of Bank of Montreal/Harris (the "Plan").

Please accept our condolences for the passing of Carol. After an extensive review of our records, we have been unable to locate any employee or pension plan participant with the name Carol A. Wessell (formerly Weaver), in our records. If you have any records that might offer more insight, we are happy to review and search through our records again. We would need any supporting documentation and her SSN number and date of birth to help with the search.

You can reach out to us using the information below to provide the supporting documentation.

## For More Information
**Online**
myRetirement & Savings
at www.myhr.bmogc.com
**Phone**
between 9 a.m. and 6 p.m., Eastern time, Monday through Friday
toll-free at 1-888-927-7700
Generally, you'll have a shorter wait time if you call after Tuesday.
**Fax**
1-866-411-2894 (United States)
+1-866-411-2894 (Outside the United States)
Cover letter not necessary
**Mail**
Human Resources Centre
P.O.Box 7143
Rantoul, IL 61866-7143

*ATT D*

October 1, 2024


Human Resources Center
P.O. Box 7143
Rantoul, Illinois 61866-7143


Dear BMO HRC, Ms. Malone, and Ms. Chaikowsky,

This is in response to a letter dated June 21, 2024 (copy attached) that I received from Bank of Montreal's Human Resources Department regarding my written request for information about my deceased wife's employment at BMO Harris Bank (formerly "Harris Bank") and whether I am entitled to any pension benefits from BMO Harris Bank.

I am highly confident that my wife was employed at Harris Bank for more than ten years. During her entire employment at Harris Bank her name was Carol A. Weaver or Carol Weaver. Your June 21, 2024 letter states that "After an extensive review of our records, we have been unable to locate any employee or pension plan participant with the name Carol A. Wessell (formerly Weaver) in our records." My wife was never employed by Harris Bank under the names of Carol A. Wessell or Carol A. Wessel so searching your records under those names would reveal absolutely nothing.

It would be greatly appreciated if you would conduct a proper search of all your records using the names Carol A. Weaver and Carol Weaver. The Employee Retirement Income Security Act of 1974 applies to my request and under that law, BMO Harris is required to retain all pension records. Given that the period involved is long before electronic records were customary and there was no Internet, you will have to conduct a search of your hard copy and microfilm records. To assist you with your search my wife's social security number is 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 and her date of birth is July 8, 1953. While a search of your hard copy records will most likely require you to retrieve those records from a warehouse or off-site location, I am confident those records do exist – they just need to be found.

Please let me know if Carol was a participant in any of Harris Bank's Pension Plans or Profit-Sharing Plans and if her participation would entitle me to a survivor's benefit or any other type of benefit.


Thank you.


Robert Wessel
223 S Peck Avenue
La Grange, Illinois 60525
630 258-2230

*ATT E*

**rob@ameritech.net**

| | |
|---|---|
| **From:** | Lencioni, Tony <tony.lencioni@bmo.com> |
| **Sent:** | Wednesday, October 23, 2024 7:49 PM |
| **To:** | Robert Wessel; rob@ameritech.net |
| **Subject:** | RE: Emailing: Letter to BMO HRC 10 1 2024.pdf |
| **Attachments:** | ssa-potential-private-retirement-benefits-faq.pdf |

Dear Mr. Wessel,

Thanks for your patience while we researched your inquiry. We have searched all pension and employment records that we maintain using the additional information you provided but have been unable to find any records related to your wife's employment with Harris Bank.

In case it's helpful, I'll note that when a person ends their employment with an employer, their employer must report to the IRS if there is a deferred vested retirement benefit for that individual. This requirement would have applied to other employers that your wife may have worked for over the years. The Social Security Administration uses this information to notify people that they might be eligible for potential benefits when they sign up for Social Security or Medicare. The SSA notification would include the name of the plan, the plan administrator, the employer identification number, and an estimate of any benefit under the plan. I'm attaching an FAQ document from the Department of Labor that provides more information on this – I hope you find it helpful.

Sincerely,

**Tony Lencioni**
(he/him)
Head, U.S. Total Rewards
People, Culture & Brand

**BMO Bank of Montreal**
4400 MacArthur Blvd, Suite 400
Newport Beach, CA 92660

Tony.lencioni@bmo.com

**O** 949-797-1866

**From:** Robert Wessel <robertwessel927@gmail.com>
**Sent:** Wednesday, October 2, 2024 10:40 AM
**To:** Lencioni, Tony <tony.lencioni@bmo.com>
**Subject:** RE: Emailing: Letter to BMO HRC 10 1 2024.pdf

Dear Mr. Lencioni,

I have received your email. Thank you for your prompt response and I look forward to hearing from you later this week.

Regards,

Robert Wessel
223 S Peck Avenue
La Grange, Illinois 60525
630 258-2230

1

*ATT E*

**From:** Lencioni, Tony <tony.lencioni@bmo.com>
**Sent:** Tuesday, October 01, 2024 7:01 PM
**To:** robertwessel927@gmail.com
**Subject:** RE: Emailing: Letter to BMO HRC 10 1 2024.pdf

Hi Robert,

I received your letter via the below email and am following up with our internal team to see what more we can do to find your wife's records. I will be in touch hopefully later this week.

Thanks,
-Tony

**Tony Lencioni**
(he/him)
Head, U.S. Total Rewards
People, Culture & Brand

**BMO Bank of Montreal**
4400 MacArthur Blvd, Suite 400
Newport Beach, CA 92660

Tony.lencioni@bmo.com

**O** 949-797-1866

---

**From:** Robert Wessel <robertwessel927@gmail.com>
**Sent:** Tuesday, October 1, 2024 3:02 PM
**To:** Malone, Mona <MONA.MALONE@bmo.com>; Tracie.Morris@bmo.com <Tracie.Morris@bmo.com>; Chaikowsky, Larissa <Larissa.Chaikowsky@bmo.com>
**Cc:** Hackett, Darrel <Darrel.Hackett@Bmo.com>
**Subject:** FW: Emailing: Letter to BMO HRC 10 1 2024.pdf

External Email: Use caution with links and attachments. | Courriel externe : Faites preuve de prudence en ce qui a trait aux liens et aux pièces jointes.

Your message is ready to be sent with the following file or link attachments:

Letter to BMO HRC 10 1 2024.pdf

Note: To protect against computer viruses, e-mail programs may prevent sending or receiving certain types of file attachments. Check your e-mail security settings to determine how attachments are handled.

2

ATT E

/s/

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525
630 258-2230

3

SSA-1826                    ITEMIZED STATEMENT OF EARNINGS              *ATTF*


                            SOCIAL SECURITY ADMINISTRATION
                            OFFICE OF CENTRAL OPERATIONS
                            6100 WABASH AVENUE
                            BALTIMORE MARYLAND   21215

                                            Date: 07/22/2025


ROBERT WESSEL
233 S PECK AVE
LA GRANGE IL 60525


We are sending the statement of earnings requested for:

     Number Holder's Name: CAROL A WESSEL
      Social Security Number: XXX-XX-2318
                             *329 48*
              Years Requested: 1968 THRU 2010



Control Number: 25069152134
SERS Order Number: 00002155703

Enclosure(s):
     Earnings Statement

SSA-1826 · ˙ . .ˑ.　　　　ITEMIZED STATEMENT OF EARNINGS

ATT F

SOCIAL SECURITY ADMINISTRATION
EARNINGS RECORD INFORMATION

Date: 07/22/2025

Our records show the amount of earnings reported, not the amount of
Social Security taxes that were paid.

Wages were first covered under Social Security in 1937. Therefore,
1937 is the first year for which earnings may be shown on our records.
Employers were required to report earnings semi-annually in 1937,
and on a quarterly basis for the years from 1938 through 1977.
Beginning with 1978, employers are required to report earnings annually.

Our records do not show the exact date of employment (month and day)
because we do not need this information to figure Social Security
benefits. Employers do not give us this information.

Each year, there is a maximum amount of earnings that is subject to
Social Security taxes and is used to compute benefits. If a person
earns more than this maximum amount, the earnings statement will
usually show the maximum rather than the total earnings. Maximum
benefits can be found on the SSA website.
http://www.ssa.gov/OACT/COLA/cbb.html

Beginning in 1951, self-employed persons could also receive
Social Security credit for their work. The maximum amounts of
self-employment earnings that are subject to Social Security taxes
and are used to compute benefits can also be found on the SSA website.
http://www.ssa.gov/OACT/COLA/cbb.html

If you have any questions, you should call, write, or visit any
Social Security office. If you visit or call, please bring this letter.
It will help us answer questions. The toll free number to call is
1-800-772-1213 (for the deaf or hard of hearing, call our TTY number,
1-800-325-0778).

SSA-1826         ITEMIZED STATEMENT OF EARNINGS     *ATT F*
           * * *      FOR SSN XXX-XX-2318      * * *

FROM:    SOCIAL SECURITY ADMINISTRATION
         OFFICE OF CENTRAL OPERATIONS
         6100 WABASH AVENUE
         BALTIMORE   MARYLAND   21215


NUMBER HOLDER NAME: CAROL A WESSEL
    YEARS REQUESTED: 1968 THRU 2010


ROBERT WESSEL
233 S PECK AVE
LA GRANGE IL 60525


EMPLOYER NUMBER:   36-1614460
PEOPLES STORE OF ROSELAND
% JOHN C GATELY SR
1107 E 173RD PL
SOUTH HOLLAND   IL 60473-3524

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1969 | | | 211.24 | 35.85 | $247.09 |


EMPLOYER NUMBER:   36-1194448
HARRIS TRUST & SAVINGS BANK
% CORPORATE TAX OFFICE FLOOR 22 E
111 W MONROE ST
CHICAGO   IL 60603-4096

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1970 | | | 38.40 | 559.65 | $598.05 |
| 1971 | 492.60 | 394.00 | 1044.98 | 1272.71 | $3,204.29 |
| 1972 | 1286.05 | 1246.54 | 1358.11 | 1444.21 | $5,334.91 |
| 1973 | 1555.95 | 1427.41 | 1510.00 | 1560.00 | $6,053.36 |
| 1974 | 1560.00 | 1602.00 | 1770.00 | 1741.90 | $6,673.90 |
| 1975 | 1770.00 | 1770.00 | 1890.00 | 1835.22 | $7,265.22 |
| 1976 | 1890.00 | 1831.85 | 2070.00 | 2008.15 | $7,800.00 |
| 1977 | 2070.00 | 1942.65 | 2353.54 | 2370.00 | $8,736.19 |
| 1978 | | | | | $10,164.60 |
| 1979 | | | | | $11,898.93 |
| 1980 | | | | | $13,543.38 |
| 1981 | | | | | $4,524.75 |

ATT G

## rob@ameritech.net

| | |
|---|---|
| **From:** | Robert Wessel <rob@ameritech.net> |
| **Sent:** | Friday, August 1, 2025 2:35 PM |
| **To:** | Darrel.Hackett@bmo.com; Larissa.Chaikowsky@bmo.com; Mona.Malone@bmo.com; Tracy.Morris@bmo.com |
| **Subject:** | Carol A. Weaver employment and pension status |
| **Attachments:** | Carol Weaver-Wessel SS History 08012025.pdf |

August 1, 2025

Human Resources Center
P.O. Box 7143
Rantoul, Illinois 61866-7143

Dear Mr. Hackett, Ms. Chaikowsky, Ms. Malone, and Ms. Morris,

BMO Financial Group previously informed me that BMO Financial Group is ". . . unable to locate any employee or pension plan participant with the name Carol A. Wessell (sic) (formerly Weaver), in our records."

I have ascertained that my wife, Carol Wessel, was in fact employed by Harris Trust and Savings Bank from 1970 to 1981. Carol passed away on December 27, 2023. Her continuous employment at Harris Trust and Savings Bank from 1970 through 1981 is established by records from the United States Social Security Administration. A copy of those records is attached.

Based on the attached employment information from the Social Security Administration, I believe that Carol, my wife, was a participant in BMO Financial Group's Pension Plan and, therefore, I am entitled to benefits under that plan.

As I previously informed you, BMO Financial Group has incorrectly spelled my wife's last name. Her last name is spelled "W-e-s-s-e-l", with one "l"--not two. Please search your records using the correct spelling of her name and search using Carol A. Wessel and Carol Wessel.

Additionally, please search your records using the name Carol A. Weaver and Carol Weaver because she began her employment with Harris Trust and Savings Bank before we were married.

Please advise me as to the amount and type of benefits to which I am entitled.

Thank you.

/s/

Robert Wessel

1

ATT G

223 S. Peck Avenue
La Grange, Illinois 60525
630 258-2230

2

*ATTH*

## rob@ameritech.net

| | |
|---|---|
| **From:** | Lencioni, Tony <tony.lencioni@bmo.com> |
| **Sent:** | Tuesday, August 5, 2025 12:48 PM |
| **To:** | rob@ameritech.net |
| **Subject:** | FW: Carol A. Weaver employment and pension status |
| **Attachments:** | Carol Weaver-Wessel SS History 08012025.pdf |
| **Flag Status:** | Flagged |

·· Hi Rob,

I'm acknowledging receipt of your email below. We are discussing internally, and similar to our previous exchange, you can reach out to me directly if you have anything else you want to share and/or any questions.

**Tony Lencioni**
(he/him)
Head, U.S. Total Rewards
ᵒPeople, Culture & Brand

**BMO Bank of Montreal**
4400 MacArthur Blvd, Suite 400
Newport Beach, CA 92660

Tony.lencioni@bmo.com

**O** 949-797-1866

---

**From:** Robert Wessel <rob@ameritech.net>
**Sent:** Friday, August 1, 2025 2:39 PM
**To:** Hackett, Darrel <Darrel.Hackett@Bmo.com>; Chaikowsky, Larissa <Larissa.Chaikowsky@bmo.com>; Malone, Mona <MONA.MALONE@bmo.com>; Tracy.Morris@bmo.com <Tracy.Morris@bmo.com>
**Subject:** Carol A. Weaver employment and pension status

External Email: Use caution with links and attachments. | Courriel externe : Faites preuve de prudence en ce qui a trait aux liens et aux pièces jointes.

August 1, 2025
ᵒ

Human Resources Center
P.O. Box 7143
Rantoul, Illinois 61866-7143

Dear Mr. Hackett, Ms. Chaikowsky, Ms. Malone, and Ms. Morris,

1

*ATT H*

BMO Financial Group previously informed me that BMO Financial Group is ". . . unable to locate any employee or pension plan participant with the name Carol A. Wessell (sic) (formerly Weaver), in our records."

I have ascertained that my wife, Carol Wessel, was in fact employed by Harris Trust and Savings Bank from 1970 to 1981. Carol passed away on December 27, 2023. Her continuous employment at Harris Trust and Savings Bank from 1970 through 1981 is established by records from the United States Social Security Administration. A copy of those records is attached.

Based on the attached employment information from the Social Security Administration, I believe that Carol, my wife, was a participant in BMO Financial Group's Pension Plan and, therefore, I am entitled to benefits under that plan.

As I previously informed you, BMO Financial Group has incorrectly spelled my wife's last name. Her last name is spelled "W-e-s-s-e-l", with one "l"--not two. Please search your records using the correct spelling of her name and search using Carol A. Wessel and Carol Wessel.

Additionally, please search your records using the name Carol A. Weaver and Carol Weaver because she began her employment with Harris Trust and Savings Bank before we were married.

Please advise me as to the amount and type of benefits to which I am entitled.


Thank you.


/s/

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525
630 258-2230

2

*ATT I*



BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

August 8, 2025

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525

      Re:    Claim for Benefits

Dear Mr. Wessel,

I am writing on behalf of the Benefits Administration Committee (the "Committee"), which decides claims for benefits under the Employee's Retirement Plan of Bank of Montreal/Harris (the "Plan"), to acknowledge receipt of your August 1, 2025 email in which you assert that your deceased wife Carol Wessel (f/k/a Carol Weaver) was a participant in a pension plan while employed by Harris Trust Savings Bank from 1970 to 1981, and you are entitled to benefits.

We consider your August 1 email to constitute a claim for benefits pursuant to the Plan's administrative claim and appeal procedures. You do not need to take any further steps for the Committee to consider your claim. However, if you would like to submit any additional documents or arguments, please do so within twenty-one (21) days of the date of this letter.

You should expect to receive a written decision within 90 days of August 1, 2025, which is October 30, 2025. You will also be notified by this same date if additional time is needed to process your claim. There may be times when this 90-day period may be extended where there are special circumstances that require an extension. If this occurs, you will be notified in writing within the 90-day period. If there is an extension, a decision will be made as soon as possible, but not later than 180 days after receipt by the receipt of your claim for review on appeal.

Your claim will be given a full and fair review that takes into account all comments and records submitted by you.

           Sincerely,

           BMO Financial Corp. Benefits Administration Committee

           By: _____

           Name: Gary M. Hansen

           Title: Secretary, Benefits Administration Committee

ATT J

## rob@ameritech.net

| | |
|---|---|
| **From:** | Robert Wessel <rob@ameritech.net> |
| **Sent:** | Tuesday, August 12, 2025 9:29 AM |
| **To:** | Gary.Hansen@bmo.com |
| **Cc:** | Darrel.Hackett@Bmo.com; 'Chaikowsky, Larissa'; 'Malone, Mona'; Tracy.Morris@bmo.com |
| **Subject:** | RE: Carol A. Weaver employment and pension status |

Dear Mr. Hansen,

Thank you for your letter of acknowledgement dated August 8, 2025.

I would like to receive a copy of the Employee's Retirement Plan (and amendments) of Bank of Montreal/Harris Bank.

Sincerely,

/s/

Robert Wessel
223 S Peck Avenue
La Grange, Illinois 60525
630 258-2230

**From:** Robert Wessel <rob@ameritech.net>
**Sent:** Tuesday, August 05, 2025 1:33 PM
**To:** 'Lencioni, Tony' <tony.lencioni@bmo.com>
**Cc:** 'Darrel.Hackett@Bmo.com' <Darrel.Hackett@Bmo.com>; 'Chaikowsky, Larissa' <Larissa.Chaikowsky@bmo.com>; 'Malone, Mona' <MONA.MALONE@bmo.com>; 'Tracy.Morris@bmo.com' <Tracy.Morris@bmo.com>
**Subject:** RE: Carol A. Weaver employment and pension status

Thank you for your response. When do you expect to have an answer to my inquiry?

/s/

Robert Wessel
223 S Peck Avenue
La Grange, Illinois 60525
630 258-2230

**From:** Lencioni, Tony <tony.lencioni@bmo.com>
**Sent:** Tuesday, August 05, 2025 12:48 PM

1

*ATT K*



**BMO Financial Group**
U.S. Retirement and Savings Plans
320 S. Canal, 7ᵗʰ Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

August 19, 2025

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525

      Re:    Request for copy of the Employee's Retirement Plan (and amendments) of Bank of Montreal/Harris

Dear Mr. Wessel,

Per your request via your August 12ᵗʰ email, please find enclosed a copy of:

- The Emloyees Retirement Plan conformed through eight amendment effective January 2, 1974 ; and
- The current Plan document ; and
- The current Summary Plan Description

                              Sincerely,

                              BMO Financial Corp. Benefits Administration Committee

                              By: _____

                              Name:  Gary M. Hansen

                              Title:   Secretary, Benefits Administration Committee

*ATT. L*

 **BMO**

**BMO Financial Group**
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

December 19, 2025

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525

Re:     Appeal for Benefits

Dear Mr. Wessel,

I am writing on behalf of the BMO Financial Corp. Benefits Administration Committee (the "Committee"), which decides claims for benefits under the Employee's Retirement Plan of Bank of Montreal/Harris (the "Plan"), in response to your August 1, 2025 email in which you assert that your deceased wife Carol Wessel (f/k/a Carol Weaver) was a participant in a pension plan while employed by Harris Trust Savings Bank, and you are entitled to benefits. Your email dated August 1, 2025 has been deemed a claim for benefits under the Plan.

**Background**

You claim that your late wife Carol Wessel (formerly Carol Weaver) was employed by Harris Trust and Savings Bank ("Harris Trust") from 1970 to 1981. Carol passed away on December 27, 2023. The Social Security records you provided indicate the length of her employment with Harris Trust and the total compensation she received each year. (*See* Social Security Records dated July 22, 2025.)

In an email dated October 23, 2024, you were advised that all available pension and employment records had been searched using the information you provided but no records related to Carol's employment had been found.

**Claim Decision**

The Plan document effective January 2, 1974, defines Eligible Employees, in part, as an individual who renders personal services for an Employer "on a substantially full-time basis and who received a salary ...." (1974 Plan § 2.1.) The 1981 Amendment continues the eligibility requirement that Eligible Employees receive a salary. Part-time employees entered the Plan on January 1, 1997. Given the earnings history provided, it is highly likely that Carol was a part-time employee, and not a participant in the Plan prior to the third quarter of 1981. As a part-time employee, she did not meet the Plan's requirement to render services "on a substantially full-time basis and who received a salary ...." (1974 Plan § 2.1.)

ATT L

 **BMO**

**BMO Financial Group**
U.S. Retirement and Savings Plans
320 S. Canal, 7ᵗʰ Floor
Chicago, IL 60606
Tel.: (312) 848-8155
Gary.Hansen@bmo.com

Even if Carol began receiving a salary in 1981, she did not meet the requirement to be a Plan participant for 10 years in order to have vested benefit. (1981 Plan, p. 29.)

The First Amendment to the 1974 Plan, dated 12/26/75, states that:

> If the present value of an Eligible Employee's accrued benefits under the Plan does not exceed $1,750, the Bank, in its discretion, may specify that the actuarial equivalent of such Eligible Employee's accrued benefits be paid to the Eligible Employee in a lump sum upon his termination of Employment.

(First Amendment, p. 17.) With respect to small amounts, the 1981 Amendment states:

> If the monthly retirement income payable to an Eligible Employee or to any person on account of any Eligible Employee is less than a minimum amount established from time to time by the Bank, the Bank, at its discretion, may direct that the actuarial value of such amount shall be paid in a lump sum or in a series of annual or quarterly installments.

(1981 Plan, p. 19.) The Plan's actuary estimates that the lump sum owed to Mrs. Wessel would have been around $550 in 1982, which is under the $1,750 cash out threshold specified in the Plan document at that time. Because the lump sum amount owed to Carol was around $550 in 1982, her benefit, if any, was below the $1,750 cash out threshold, and she would have received a lump sum upon terminating employment.

Accordingly, your claim is denied.

### ERISA Rights

We hope the above explanation has answered your concerns regarding this matter. If you wish to appeal this decision, you may file an appeal with the Committee. You should submit with your appeal any evidence or argument you believe supports your claim and/or contradicts any of the information contained in this letter. You must file the claim for review no later than 60 days after you received written notification of the denial of your claim for benefits. You may request copies of all information relating to the denial of your claim and submit any comments, records, or other information related to your claim in writing.

Your claim for review on appeal will be given a full and fair review that takes into account all comments and records submitted by you, regardless of whether the information was considered when your initial claim was decided. The Committee will provide you with written notice of its decision within 60 days after the committee's receipt of your written claim for review on appeal. There may be times when this 60-day period may be extended where there are special circumstances that require an extension. If this occurs, you will be notified in writing within the 60-day period. If there is an extension, a decision will be made as soon as possible, but not later than 120 days after receipt by the Committee's receipt of your claim for review on appeal.

*ATT L*

 **BMO**

BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

If your claim is denied on appeal, you will then have the right to bring a cause of action under section 502(a) of ERISA. However, the Plan's claims and appeal procedures must be exhausted before pursuing any other legal remedy with respect to your claim. Further, pursuant to Plan section 9.11, any such judicial proceeding must be filed by the earliest of: (a) 90 days after the Committee's final decision regarding the claim appeal, (b) one year after the date on which the participant or other claimant commenced payment of the plan benefits at issue in the judicial proceeding, or (c) the statutory deadline for filing a claim or lawsuit with respect to the plan benefits at issue in the judicial proceeding as determined by applying the most analogous statute of limitations for the state of Illinois.

Sincerely,

BMO Financial Corp. Benefits Administration Committee

By: _____

Name: Gary M. Hansen

Title: Secretary, Benefits Administration Committee

Enclosure

ATTM

January 28, 2026


Mr. Gary Hansen
BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal Street, 7th Floor
Chicago, IL 60606


Mailed by Certified Mail


Re: Carol Weaver Wessel; Claim for Retirement Benefits by Robert Wessel, Carol Wessel's Husband


Dear Mr. Hansen,

This is my response to your letter dated December 19, 2025, denying my claim for benefits under the Harris Trust and Savings Bank pension plan. I disagree with your denial of my claim. I hereby request that you send me all information, records and documents relating to my claim, all information, records and documents relating to the denial of my claim and all information, records and documents requested below in this letter. This letter is my claim for review of my claim for benefits by the BMO Financial Corp. Benefits Administration Committee which claim will be supplemented after I receive all the information, records and documents requested in this letter.

The Social Security earning statement (copy enclosed) for Carol Wessel (my wife) clearly establishes that she was a full-time employee at Harris Trust and Savings Bank ("Harris Bank") for at least ten years. This means she was a vested participant in the Harris Bank pension plan during her employment at Harris Bank and she was an Eligible Employee under the plan document effective January 2, 1974 and during her employment at Harris Bank. While she was employed at Harris Bank her name was Carol Weaver and Carol Wessel is her married name.

ATT M

On August 12, 2025, I asked for a copy of the Harris Bank retirement plan. Harris Bank sent me the retirement plan that is effective January 2, 1974 but failed to send me the Harris Bank retirement plan that was in effect from 1970 to January 1, 1974. As you know, Carol Wessel's employment with Harris Bank began in 1970. Please send me a copy of the Harris Bank retirement plan that was in effect during Carol Wessel's entire employment with Harris Bank. Please send me a copy of the entire plan document and all amendments and a copy of the summary plan description that were in effect during the period 1970 through January 1, 1974.

In your December 19, 2025, letter you state that "all available pension and employment records had been searched *using the information you provided* but no records related to Carol's employment had been found." (Emphasis supplied.) Surely, Harris Bank has all of the employment and pension records relating to Carol Wessel's employment and retirement benefits irrespective of any information that I have provided. Please let me know if you need other information from me that would help Harris Bank find Carol Wessel's pension and employment records that Harris Bank is required to maintain.

Please send me proof of any lump sum payment that you claim was paid from the Harris Bank pension plan to Carol Wessel.

Thank you.

Robert Wessel
223 S. Peck Av.
La Grange, IL 60525
630-258-2230

ATT N

 **BMO**

BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

April 09, 2026

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525

Re:     Appeal for Benefits

Dear Mr. Wessel,

I am writing on behalf of the Benefits Administration Committee (the "Committee"), which decides appeals for benefits under the Employees' Retirement Plan of Bank of Montreal/Harris (the "Plan"), to respond to the request for documents contained in your letter dated January 28, 2026, and delivered on February 10, 2026, and also to advise you of the need to extend the deadline to respond to your appeal.

In your letter, you request copies of the Plan documents in effect during Carol's entire employment with Harris Bank. You also seek the entire Plan document and the Summary Plan Description ("SPD") from 1970 through January 1, 1974.

On August 19, 2025 we provided you with copies of: (1) The Employees' Retirement Plan conformed through the eighth amendment effective January 2, 1974; (2) the current Plan Document; and (3) the current Summary Plan Description. The eighth amendment to the Plan was effective on January 1, 1981. The Plan was not amended again until December 10, 1982, after Carol's employment ended.

Please note, there were no SPDs from 1970 through January 1, 1974. We do not have additional pertinent Plan documents to provide.

We have included with this letter a copy of an email from the Plan's actuary regarding the estimate referenced in Mr. Hansen's letter dated December 19, 2025.

In your letter, you assert that Harris Bank has all of the employment and pension records related to Carol's employment and retirement. However, we have conducted a thorough search and found no such records related to Carol Weaver/Wessel. Further, Bank of Montreal did not acquire Harris Bank until after Carol had left employment.

With respect to the appeal you submitted, we require an extension of time to decide this appeal. In accordance with the Plan's claim procedures and pertinent claims regulations, the Plan may extend the review deadline by 60 days if special circumstances require an extension of time for processing an appeal. You should now expect a decision on or before June 9, 2026.



**BMO Financial Group**
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

Sincerely,

BMO Financial Corp. Benefits Administration Committee

By: _____

Name: Gary M. Hansen

Title:   Secretary, Benefits Administration Committee

Enclosures





BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7ᵗʰ Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

May 15, 2026

Robert Wessel
223 S. Peck Avenue
La Grange, Illinois 60525

Re:    Retirement Plan Appeal

Dear Mr. Wessel,

I am writing on behalf of the BMO Financial Corp. Benefits Administration Committee (the "Committee"), which decides claims for benefits under the Employee's Retirement Plan of Bank of Montreal/Harris (the "Plan"), in response to your second-level appeal, dated January 28, 2026 and received on February 10, 2026, in which you assert that your deceased wife Carol Wessel (f/k/a Carol Weaver) was a participant in a pension plan while employed by Harris Trust Savings Bank, and you are entitled to benefits. The Committee met and considered your second-level appeal on May 4, 2026. The Committee's decision is set forth below.

**Background**

You assert Mrs. Wessel was employed by Harris Trust and Savings Bank ("Harris Trust") from 1970 to 1981. Carol passed away on December 27, 2023. The Social Security records you provided indicate the length of her employment with Harris Trust and the total compensation she received each year. (*See* Social Security Records dated July 22, 2025.)

You sent an email dated August 1, 2025 regarding your belief that Mrs. Wessel was entitled to a Plan benefit. In a response letter dated August 8, 2025, you were advised that the Committee considered you August 1 email to be a claim for benefits under the Plan. This claim was denied in a letter to you dated December 19, 2025.

You appealed this decision in a letter dated January 28, 2026, but delivered on February 10, 2026. Your appeal letter also included a request for production of documents. On April 9, 2026, the Committee responded to your document request, noting:

> On August 19, 2025 we provided you with copies of: (1) The Employees' Retirement Plan conformed through the eighth amendment effective January 2, 1974; (2) the current Plan Document; and (3) the current Summary Plan Description. The eight amendment to the Plan was effective on January 1, 1981. The Plan was not amended again until December 10, 1982, after Carol's employment ended.



**BMO** ⓜ

BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7ᵗʰ Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

**Appeal Decision**

The Plan document effective January 2, 1974, defines Eligible Employees, in part, as an individual who renders personal services for an Employer "on a substantially full-time basis and who received a salary ...." (1974 Plan § 2.1.) The 1981 Amendment continues the eligibility requirement that Eligible Employees receive a salary. Part-time employees entered the Plan on January 1, 1997.

Given the earnings history provided, it is highly likely that Mrs. Wessel was a part-time employee, and not a participant in the Plan prior to the third quarter of 1981. As a part-time employee, she did not meet the Plan's requirement to render services "on a substantially full-time basis and who received a salary ...." (1974 Plan § 2.1.) Even if Carol began receiving a salary in 1981, she did not meet the requirement to be a Plan participant for 10 years in order to have vested benefit. (1981 Plan, p. 29.)

In your appeal, you argue that: "The Social Security earnings statement ... clearly establishes that she was a full-time employee at Harris Trust and Savings Bank ("Harris Bank") for at least ten years. This means she was a vested participant in the Harris Bank pension plan ...." (January 28, 2026 Letter, p. 1.) However, Mercer reviewed the Social Security earning statement you provided and concluded that Mrs. Wessel was highly likely a part-time employee who did not receive a salary, and never had a vested benefit. You have presented no evidence to the contrary.

Further, we find that even if she had been a fulltime, salaried employee for the requisite 10 years, she would have received a lump sum distribution. The First Amendment to the 1974 Plan, dated 12/26/75, states that:

> If the present value of an Eligible Employee's accrued benefits under the Plan does not exceed $1,750, the Bank, in its discretion, may specify that the actuarial equivalent of such Eligible Employee's accrued benefits be paid to the Eligible Employee in a lump sum upon his termination of Employment.

(First Amendment, p. 17.) With respect to small amounts, the 1981 Amendment states:

> If the monthly retirement income payable to an Eligible Employee or to any person on account of any Eligible Employee is less than a minimum amount established from time to time by the Bank, the Bank, at its discretion, may direct that the actuarial value of such amount shall be paid in a lump sum or in a series of annual or quarterly installments.

(1981 Plan, p. 19.) Using conservative assumptions, Mercer (plan actuary) and Alight (third party plan administrator) estimated that the lump sum owed to Mrs. Wessel would have been around $550 in 1982, which is under the $1,750 cash out threshold specified in the Plan document at that time. Because the lump sum amount owed to Mrs. Wessel was around $550 in

ATT O

**BMO**

BMO Financial Group
U.S. Retirement and Savings Plans
320 S. Canal, 7ᵗʰ Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

1982, her benefit, if any, was below the $1,750 cash out threshold, and she would have received a lump sum upon terminating employment.

Finally, you state that: "Surely, Harris Bank has all of the employment and pension records relating to Carol Wessel's employment and retirement benefits ...." (January 28, 2026 Letter, p. 2.) However, you have provided no evidence to support this conclusion. The fact that employment records have not been found regarding Mrs. Wessel is consistent with the finding that she did not have a vested benefit when she left employment and there was no reason to retain records regarding an un-vested former employee who left employment in 1981 (45 years ago).

Accordingly, your appeal is denied.

**ERISA Rights**

You should regard this letter as a final decision on review within the meaning of Section 503 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and regulations issued thereunder by the Department of Labor.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of all documents, records and other information relevant to your claim for benefits. Requests for copies should be sent to my attention.

Should you dispute the outcome of your appeal, you now have the right to pursue a federal cause of action under Section 502(a) of ERISA, subject to any applicable statute of limitations or contractual limitations. Pursuant to Retirement Plan section 9.11, any such judicial proceeding must be filed by the earliest of: (a) 90 days after the Committee's final decision regarding the claim appeal, (b) one year after the date on which the participant or other claimant commenced payment of the plan benefits at issue in the judicial proceeding, or (c) the statutory deadline for filing a claim or lawsuit with respect to the plan benefits at issue in the judicial proceeding as determined by applying the most analogous statute of limitations for the state of Illinois.

You have the right to bring a cause of action under section 502(a) of ERISA. Pursuant to Plan section 9.11, any such judicial proceeding must be filed by the earliest of: (a) 90 days after the Committee's final decision regarding the claim appeal, (b) one year after the date on which the participant or other claimant commenced payment of the plan benefits at issue in the judicial proceeding, or (c) the statutory deadline for filing a claim or lawsuit with respect to the plan benefits at issue in the judicial proceeding as determined by applying the most analogous statute of limitations for the state of Illinois.



*ATTO*

**BMO** ⬣

**BMO Financial Group**
U.S. Retirement and Savings Plans
320 S. Canal, 7th Floor
Chicago, IL 60606

Tel.: (312) 848-8155
Gary.Hansen@bmo.com

Sincerely,

BMO Financial Corp. Benefits Administration Committee

By: _____

Name: Gary M. Hansen

Title:   Secretary, Benefits Administration Committee



Gary,

We have performed a high-level estimate based on various assumptions for Ms. Wessel and have estimated the lump sum would have been around $550 in 1982, which is well under the $1,750 cashout threshold specified in the Plan document in effect at that time. Please note the following regarding this estimate:

- Given the earnings history provided, it is highly likely Ms. Wessel was a part-time employee and not a participant in the plan. Part-time employees entered the plan on 1/1/1997.
- We have assumed she was hired in July 1970 based on the earnings shown and she terminated on the last day of earnings shown on the social security statement.
- We also assumed she was 18 at hire and born on January 1st.
- The earnings used in the social security offset assumed the 1981 earnings were a full year which would produce a smaller offset and therefore a larger accrued benefit.
- The plan is silent on actual mortality and interest rate assumptions on small lump sums. However, we do have a memo in our records (attached) that shows potential interest rates. We have assumed a 12% interest rate with an additional 3% discount, which is conservative and would provide a higher lump sum value for this estimate. For mortality assumption, we had a previous calculation which used the 1971 Group Annuity Mortality (Male) table and assumed this table also applied to this calculation. Actual mortality and interest assumptions would need to be researched for an actual calculation.

Please let us know if you need anything additional.

**Christina Meadows**, PHR, CEBS Fellow
Pronouns: she/her/hers
Principal, Mercer Retirement Administration – Calculations and Special Projects
T +1 312 917 8921

Mercer, 155 North Wacker Drive, Suite 1500, Chicago, IL 60606, USA
www.mercer.com

**UPCOMING TIME OUT OF THE OFFICE:**
Wednesday, August 6th

**MERCER HOLIDAY CLOSURES:**
Monday, September 1st

 Mercer

welcome to brighter

A business of Marsh McLennan



ATT O